



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Laura Leon<br>5944 W. Wilson<br>Chicago, IL 60630<br><br>Plaintiff,<br><br>v.<br><br>Legal Mediation Practice, Inc.<br>c/o Duane C. Romanello, P.A.,<br>Registered Agent<br>1919 Blanding Boulevard, Suite 8<br>Jacksonville, FL 32210<br><br>Defendant. | **07CV5226**<br>**JUDGE GUZMAN**<br>**MAG. JUDGE COX**<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around April 28, 2007, Plaintiff gave notice to Defendant that Plaintiff was represented by an attorney for bankruptcy and provided her attorney's contact information.

10. On or around April 29, 2007, Defendant telephoned Plaintiff again despite Plaintiff's notice of representation.

11. On or around May 05, 2007, Defendant telephoned Plaintiff again despite Plaintiff's notice of representation.

12. On or around June 16, 2007, Defendant telephoned Plaintiff again despite Plaintiff's notice of representation, and left a voicemail message that Defendant had "reached a decision" regarding Plaintiff's debt and wished Plaintiff the best.

13. As a result of the communication referenced in paragraph 12 Plaintiff thought that Defendant had decided to sue her.

14. On or around June 16, 2007, during a communication between the Defendant and Plaintiff regarding the Plaintiff's debt, Defendant stated that if Plaintiff could not settle the debt by the end of the day, Defendant would take further action at Plaintiff's home or place of employment.

15. As a result of the communication referenced in paragraph 14, Plaintiff thought she would be arrested at home or at her place of employment.

16. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

17. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____

Timothy J. Sostrin
Bar ID # 6290807
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: tjs@legalhelpers.com